# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL N. SUYDAM,<br><br>   Plaintiff,<br><br>   v.<br><br>PENNSYLVANIA STATE POLICE, et al.,<br><br>   Defendants. | CIVIL ACTION NO. 3:15-CV-00081<br><br>(MEHALCHICK, M.J.) |

## **MEMORANDUM**

Before the Court is a motion for summary judgment, filed by Defendants, Daniel Nilon and the Pennsylvania State Police, on June 22, 2016. (Doc. 20). The Defendants move for summary judgment in the instant matter on the grounds that the claims against Trooper Nilon are barred by the statute of limitations, and claims against Defendant Pennsylvania State Police are barred by sovereign immunity. (Doc. 22).

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Gabriel N. Suydam initiated the instant § 1983 action, filing a counseled complaint against Trooper Nilon and the Pennsylvania State Police on January 12, 2015. (Doc. 1). Suydam alleges Trooper Nilon subjected Suydam to a warrantless arrest at 2:35 a.m. on September 1, 2012. (Doc. 1, ¶ 6-8). On the night in question, Trooper Nilon patrolled a four-way-stop intersection. (Doc. 1, ¶ 9). Trooper Nilon pulled over Suydam's vehicle on the basis that the lights meant to illuminate Suydam's registration plate were not functioning. (Doc. 1, ¶ 10; Doc. 21, ¶ 2). As a result of the stop, Trooper Nilon placed Suydam under arrest for DUI and driving with a suspended license. (Doc. 1, ¶ 11; Doc. 21, ¶ 3).

Trooper Nilon testified at trial that Suydam's registration plate lights were inoperable, precipitating the stop. (Doc. 1, ¶ 13). The dash cam footage from Trooper Nilon's cruiser

indicated the lights on the registration plate were in fact operating at the time of the stop. (Doc. 1, ¶ 15). On January 10, 2014, the Monroe County District Attorney filed a motion for *nolle prosequi*. (Doc. 1, ¶ 16; *Commonwealth v. Suydam*, No. CP-45-CR-0000570-2013 (Monroe County C.C.P.). The Monroe County Court of Common Pleas granted the motion for *nolle prosequi* on January 30, 2014, dismissing the case. *Commonwealth v. Suydam*, No. CP-45-CR-0000570-2013 (Monroe County C.C.P.).

In his complaint against Trooper Nilon and the Pennsylvania State Police, Suydam states Trooper Nilon: lacked reasonable suspicion to stop Suydam; knew the stop was unreasonable and without probable cause; caused Suydam to retain counsel to defend charges stemming from the stop and arrest; and acted unlawfully and maliciously. (Doc. 1, ¶ 17-20). Suydam seeks attorney's fees and costs incurred in defense of the state court action and in the instant proceedings, plus punitive damages and interest. (Doc. 1, at 4).

The parties consented to proceed before the undersigned Magistrate Judge on July 31, 2015. (Doc. 13). The Defendants filed the motion for summary judgment on June 22, 2016. (Doc. 20). Suydam filed a brief in opposition on August 24, 2016. (Doc. 28). The Defendants filed a reply brief on September 13, 2016, making the motion ripe for Court review. (Doc. 29). The Defendants argue that the false arrest claims against Trooper Nilon are barred by the statute of limitations and that claims against the Pennsylvania State Police are barred by sovereign immunity. (Doc. 22).

Suydam concedes that the Pennsylvania State Police were protected by sovereign immunity. (Doc. 28, at 4). Further, Suydam does not challenge the argument proffered by the Defendants regarding the applicable statute of limitations for false arrest actions. (Doc. 28). Instead, Suydam argues his cause of action for malicious prosecution is timely, rendering

summary dismissal improper. (Doc. 28, at 3). Defendants submit that judgment should be entered in their favor, as the motion on false arrest claims was unchallenged, and that Suydam never raised malicious prosecution theories until his brief in opposition, at which point advancement of new legal theories is improper. (Doc. 29, at 3).

The Court considers the claims against the Pennsylvania State Police dismissed by consent of the Plaintiff and the motion for summary judgment on his claim of false arrest unopposed. Having found it meritorious, the Court grants summary judgment in favor of the Defendants on any false arrest claim. Thus, the only remaining issue is whether Suydam pled a claim for malicious prosecution, sufficient to put the Defendants on notice, or if this claim is being brought for the first time in a brief in opposition to summary judgment.[1]

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party,

---

[1] The Defendants have requested the opportunity to conduct discovery and present briefs on the issue of malicious prosecution should the Court find the existence of a claim on such grounds.

and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

### III. DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure mandates that a pleading stating a claim for relief must contain:

> "(1) a short and plain statement on the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claims needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

FED. R. CIV. P. 8(a).

A short and plain statement of the claim is only sufficient where it gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (internal citations omitted). As noted by the Defendants, a party opposing summary judgment may not raise new claims or legal theories in its brief in opposition to a motion for summary judgment. *McGee v. Proctor & Gamble Distrib. Co.*, 445 F.Supp.2d 481, 486-87 (E.D. Pa. 2006) (denying Age Discrimination in Employment Act claim not raised in complaint where party did not request leave of court or receive written consent to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure).

      The Court here is confronted with a problem inverse to the pleading standards considered in cases such as *Twombly*. Instead of a formulaic recitation of the elements to a cause of action, Suydam did not specifically articulate the legal theory entitling him to relief in his complaint. (Doc. 1). Suydam's complaint stated the facts causing him to bring suit and the relief sought, and generally alleges damages due to "unlawful and malicious acts . . . which acts consisted of, but are not limited to, creating a pretext for the stop of Suydam" and extending liability due to respondeat superior. (Doc. 1, ¶ 20). Suydam demands punitive damages for "malicious, wanton and willful conduct." (Doc. 1, ¶ 21). Critical to this Court's analysis, Suydam alleges "he was arrested without probable cause" and his Fourth and Fourteenth Amendment rights violated by the Defendants "engaging in a vehicle stop without probable cause." (Doc. 1, ¶ 22). He further alleges that as a result of the purported violations of his

constitutional rights, he suffered "substantial injuries and damages, including but not limited to embarrassment and loss of wages and counsel fees." (Doc. 1, ¶ 23). The Court further notes that the facts as alleged in the complaint include allegations focusing on the time period following the preliminary hearing, and decisions and actions which occurred between the time of the hearing up until the time at which the Assistant District Attorney sought to Nolle Prosequi the charges against Suydam for lacking prosecutorial merit. (Doc. 1, ¶¶ 14, 16, 19).

As noted by the Defendants in their reply brief, Suydam does not specifically mention the phrase "malicious prosecution" anywhere in his complaint. (Doc. 1). However, he also does not specifically use the phrase "false arrest." Nonetheless, a piecemeal reading of the complaint shows that it alleges the necessary facts supporting each element of a malicious prosecution action under § 1983.[2]

---

[2] To prove malicious prosecution under §1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Black v. Montgomery Cty.*, 835 F.3d 358, 364 (3d Cir. 2016), as amended (Sept. 16, 2016); *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007). In his brief in opposition to Defendants' motion for summary judgment, Plaintiff cites to a Pennsylvania state law case which sets forth different elements of the cause of action. As Plaintiff's complaint brings claims pursuant to the Fourth and Fourteenth Amendments and identifies § 1983 as a basis for relief, and does not raise any claims under Pennsylvania state law, federal law applies.

Further, this Court has previously held that it is the Fourth Amendment, not the Fourteenth Amendment, which is the proper vehicle for addressing any unlawful pretrial deprivations of liberty incidental to criminal proceedings. *Meketa v. Kamoie*, 955 F. Supp. 2d 345, 365 (M.D. Pa. 2013); *Crouse v. S. Lebanon Twp.*, 668 F.Supp.2d 664, 674 (M.D.Pa.2009) ("A pretrial deprivation of liberty that is related to a criminal proceeding is addressed not through procedural due process, but the Fourth Amendment."). Known as the explicit source rule, this theory is derived from the

*(footnote continued on next page)*

In summary, Rule 8 requires a party state the grounds for jurisdiction, a short and plain statement showing the pleader is entitled to relief, and a demand for the relief sought. FED. R. CIV. P. 8(a). A short and plain statement has been interpreted to require sufficient factual information to put the opposing party on notice of the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Suydam's Complaint does specify the facts supporting his claims, identifies Fourth and Fourteenth Amendment causes of action, and identifies § 1983 as a basis for relief. Malicious prosecution is included under § 1983. Guided by the principle set forth in Rule 8 that all pleadings must be construed so "as to do justice" the Court finds that summary judgment on Plaintiff's malicious prosecution claim will survive, at this juncture. However, as Defendants have asked for additional time to conduct discovery on this claim, and to move for summary judgment pursuant to the Rules of Civil Procedure, the Court finds that justice should permit the same. As such, the Court's ruling is without prejudice to further discovery and the filing of a second dispositive motion.

---

Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), where the high Court held that when a "particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.' " *Meketa*, 955 F. Supp. 2d at 365; *citing Albright,* at 273, 114 S.Ct. 807. This rule has been extended to preclude both procedural and substantive due process claims where the rights underlying the same are derived from and otherwise protected by the Fourth Amendment. *See Robinson v. Clemons*, 987 F.Supp. 280, 284–85 (D.Del.1998) (substantive due process claim premised on "no probable cause" argument is governed by Fourth, not Fourteenth, Amendment); *Posey v. Swissvale Borough*, 2013 WL 989953, *15, 2013 U.S. Dist. LEXIS 34415, *46 (W.D.Pa. Mar. 13, 2013) (plaintiff's claims of false arrest and malicious prosecution "are more properly analyzed under the Fourth Amendment rather than procedural due process"). Thus, where the core of a plaintiff's claim arises from allegations of unlawful arrest, imprisonment, or prosecution, courts are directed to analyze those claims through the prism of the Fourth and not the Fourteenth Amendment.

Accordingly, the Defendants' motion for summary judgment (Doc. 18) will be granted as to Plaintiff's claim of false arrest and on all claims directed to the Pennsylvania State Police. However, Plaintiff's claim for malicious prosecution remains.

An appropriate Order follows.

**Dated: February 15, 2017**                                *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States Magistrate Judge**