UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GABRIEL N. SUYDAM,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA STATE POLICE, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:15-CV-00081<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Before the Court is a motion for summary judgment, filed by Defendant, Trooper Daniel Nilon. (Doc. 35). Trooper Nilon moves for summary judgment on the sole remaining claim in this matter, a Fourth Amendment malicious prosecution claim brought by Plaintiff, Gabriel Suydam, against Trooper Nilon.

**I. SUMMARY JUDGMENT STANDARD**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. To defeat summary judgment, "the non-moving party must present more than a mere scintilla of evidence; there must be evidence on which the jury could reasonably find for the [non-movant]." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013)

The factual background is taken from Defendant's Statements of Undisputed Material Facts (Doc. 36), which was filed in compliance with Local Rule 56.1. That rule requires a motion for summary judgment to "be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1. In opposing a motion for summary judgment, a party must file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried." L.R. 56.1. Further, the Local Rule requires that all material facts set forth by the movant will be deemed admitted "unless controverted by the statement required to be served by the opposing party." L.R. 56.1.

To comply with Local Rule 56.1, a plaintiff should (1) clearly and unequivocally admit or deny whether each fact contained in a defendant's statement of facts is undisputed and/or material, (2) set forth the basis for any denial if any fact is not admitted in its entirety, and (3) provide a citation to the record that supports any such denial. *Occhipinti v. Bauer*, No. 3:13-CV-1875, 2016 WL 5844327, at *3 (M.D. Pa. Sept. 30, 2016); *Park v. Veasie*, 2011 WL 1831708, *4 (M.D. Pa. 2011). As such, where a plaintiff disputes a fact set forth by a defendant, but fails to provide a citation to the record supporting their denial, that fact will be deemed to be admitted. "Unsupported assertions, conclusory allegations, or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F.Supp.2d 490, 493 (E.D.Pa. 2010). In this case, Suydam failed to file a statement of facts responding to that filed by Trooper Nilon. Instead, Suydam included a statement of facts in his brief in opposition to the motion for summary judgment (Doc. 39), and attached exhibits thereto in support of that statement of facts.

Included in Suydam's exhibits is an affidavit sworn to by Suydam on the same day as the filing of his brief in opposition. The affidavit asserts that he was placed under travel restrictions following his preliminary hearing, and further, that a bench warrant was issued for him. (Doc. 39-5). Trooper Nilon asserts that this affidavit is contradictory to Suydam's deposition testimony, and is a sham affidavit that should not be considered by the Court. The Third Circuit describes a sham affidavit as a contradictory affidavit that indicates only that the affiant cannot maintain a consistent story or is willing to offer a statement solely for the purpose of defeating summary judgment. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007).

However, not all contradictory affidavits are necessarily shams, and disregarding statements in an affidavit is appropriate only on "clear and extreme facts", such as when the affidavit is "flatly contradictory" to the prior testimony. *Baer v. Chase*, 392 F.3d 609, 624 (3d Cir. 2004); *Coleman v. Cerski*, 2007 WL 2908266, at *5 (M.D. Pa. Oct. 4, 2007) (*citing Videon Chevrolet, Inc. v. Gen. Motors Corp.*, 992 F.2d 482, 488 (3d Cir. 1993)). At his deposition, Suydam testified that he didn't think he was told that he had any travel restrictions on him, but that he knew "there's regulations where you can't probably do that." (Doc. 38-2, at 57:13-20). He also testified that he did not know for sure that he could not leave the state of Pennsylvania. (Doc. 38-2, at 57:21-23). In his affidavit, Suydam affirmatively states that it was his understanding that he could not leave the State of Pennsylvania while his criminal case was pending, and that was based upon his recollection of what he was told by the Magistrate at the preliminary hearing. (Doc. 39-5). While his testimony at his deposition is vague about whether he knew of travel restrictions, the Court does not find that Suydam's affidavit, in which he avers that he did understand that he could not leave the State of Pennsylvania, to be directly contradictory to his prior testimony, and therefore does not find that the affidavit is a "sham affidavit."

Suydam's failure to comply with local rules in answering the statement of facts, and his submission of the affidavit, is of no moment, however, as the outcome of this motion rests on facts outside the scope of the affidavit, and on one particular fact which is undisputed by the parties.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Gabriel N. Suydam initiated the instant § 1983 action, filing a counseled complaint against Trooper Nilon and the Pennsylvania State Police on January 12, 2015. (Doc. 1). On the night in question, Trooper Nilon patrolled a four-way-stop intersection. (Doc. 1, ¶ 9).

Trooper Nilon pulled over Suydam's vehicle on the basis that the lights meant to illuminate Suydam's registration plate were not functioning. (Doc. 38-1, at 36:6-10). As a result of the stop, Trooper Nilon placed Suydam under arrest for DUI and driving with a suspended license. (Doc. 1, ¶ 11; Doc. 21, ¶ 3). Following his arrest, Suydam was detained for one hour at the Monroe County DUI processing center. (Doc. 38-2, at 43:23 – 44:3). Suydam was not fingerprinted at any time following the preliminary hearing[1] (Doc. 38-2, at 56:18-24), and following his preliminary hearing, was released on his own recognizance, on an unsecured $1000 bond, without the necessity of posting any more bail. (Doc. 38-2, at 56:25 – 57:6). Additionally, he was required to report monthly for the call of the list, for approximately two years. (Doc. 39-4). At the time of his deposition, Suydam testified that he was unaware of any travel restrictions placed on him following the preliminary hearing, and didn't think "they said anything" and did not know that he could not leave the state of Pennsylvania. (Doc. 38-2, at 57:13-23). Suydam also testified that he was, in fact, driving on a suspended license. (Doc. Doc. 38-2, at 31:18-19).

---

[1] Suydam submits that having blood drawn and being fingerprinted following his arrest constitute a seizure pertinent to his malicious prosecution claim. However, the alleged seizure must emanate from the prosecution, and must occur chronologically after the pressing of charges. What occurred prior to the prosecution, that is, the time between arrest and the lodging of formal charges, is not a basis for a malicious prosecution claim. *Roberts v. Caesar's Entm't, Inc.*, 72 F. Supp. 3d 575, 581 (E.D. Pa. 2014); *Basile v. Twp. of Smith*, 752 F.Supp.2d 643, 659 (W.D.Pa.2010) (*citing Penberth v. Krajnak*, No. 06–1023, 2008 WL 509174, at *17–18 (M.D.Pa. Feb. 21, 2008)); *see also Lopez v. Maczko*, No. 07–1382, 2007 WL 2461709, at *3–4 (E.D.Pa. Aug. 16, 2007). What occurred prior to the prosecution, that is, the time between arrest and the lodging of formal charges, is not a basis for a malicious prosecution claim.

Trooper Nilon testified at the preliminary hearing that Suydam's registration plate lights were inoperable, precipitating the stop. (Doc. 38-1, at 36:6-10). Upon receiving an order for the dash cam video for a suppression hearing in Suydam's criminal case, Trooper Nilon watched the video for the first time. (Doc. 38-1, at 31:24 – 32:7). The dash cam footage from Trooper Nilon's cruiser indicated the lights on the registration plate were in fact operating at the time of the stop. (Doc. 38-1, at 32:17-25). Trooper Nilon decided he was not comfortable testifying in the criminal case because it appeared that the registration light was on. (Doc. 38-1, at 33:20 – 34:4). On January 10, 2014, the Monroe County District Attorney filed a motion for *nolle prosequi*. (Doc. 1, ¶ 16; *Commonwealth v. Suydam*, No. CP-45-CR-0000570-2013 (Monroe County C.C.P.). The Monroe County Court of Common Pleas granted the motion for *nolle prosequi* on January 30, 2014, dismissing the case. *Commonwealth v. Suydam*, No. CP-45-CR-0000570-2013 (Monroe County C.C.P.).

The parties consented to proceed before the undersigned Magistrate Judge on July 31, 2015. (Doc. 13). Following discovery, Defendants filed a motion for summary judgment (Doc. 20), which was granted as to Plaintiff's false arrest claim (Doc. 30), but which allowed Trooper Nilon to file another motion for summary judgment on Plaintiff's malicious prosecution claim. Trooper Nilon filed a motion for summary judgment on Suydam's malicious prosecution claim, and submits that he is entitled to judgment in his favor because (1) probable cause existed for Suydam's arrest; (2) the record contains no evidence of malice on the part of Trooper Nilon; and (3) Suydam did not suffer a deprivation of liberty as a result of a legal proceeding. The motion has been fully briefed, oral argument was held, and the motion is ripe for disposition.

### III. DISCUSSION

To prove malicious prosecution under §1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Black v. Montgomery Cty.*, 835 F.3d 358, 364 (3d Cir. 2016), as amended (Sept. 16, 2016); *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007). As stated, Trooper Nilon moves for summary judgment on the third, fourth, and fifth elements of Suydam's malicious prosecution claim. The majority of the parties' briefs focus on the third and fourth elements of a malicious prosecution claim, namely, whether the record contains any evidence of malice by Trooper Nilon, or whether Suydam suffered a deprivation of liberty, the outcome of this motion turns on the issue of whether probable cause existed for Suydam's arrest.[2]

Generally, the existence of probable cause in a §1983 action is a question for the trier of fact, but if a court finds that, having viewed the evidence in the light most favorable to the plaintiff, probable cause exists as a matter of law, the court may enter summary judgment accordingly. *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788-89 (3d Cir.2000) (*citing Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir.1998); *Sherwood v. Mulvihill*, 113 F.3d 396,

---

[2] The issue of whether Suydam's claim fails due to the existence of probable cause was argued by Trooper Nilon for the first time at oral argument in response to argument raised by Suydam in his brief in opposition.

401 (3d Cir.1997); *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir.1997). A determination of probable cause should be left for the jury "only if there is sufficient evidence whereby a jury could reasonably find that the police officers did not have probable cause." *Sharrar*, 128 F.3d at 818.

A finding of probable cause is appropriate where "there is a fair probability that the person committed the crime at issue." *Wilson v. Russo,* 212 F.3d 781, 789 (3d Cir. 2000). In determining whether probable cause existed to initiate prosecution, courts must consider the totality of circumstances and the "facts [that] were available to [the] [officer] when he made his discretionary decision to initiate the proceedings" against the plaintiff. *Halsey v. Pfeiffer*, 750 F.3d 273, 300 (3d Cir. 2014). However, whether or not "a person is later acquitted of the crime for which she or he was arrested" is irrelevant to the courts' analysis. *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005). Furthermore, where a plaintiff is charged for multiple violations of law which result in his or her arrest and subsequent prosecution, **probable cause for any of the charges bars plaintiff's malicious prosecution claims as to all charges**. *Startzell v. City of Phila., Pa.*, 533 F.3d 183, 204 n.14 (3d Cir. 2008) (emphasis added).

In this case, it is undisputed that Suydam was arrested for driving under the influence and for driving on a suspended license, and it is undisputed that Suydam was actually driving on a suspended license. (Doc. Doc. 38-2, at 31:18-19). As such, it cannot be disputed that there was probable cause for Trooper Nilon to arrest Suydam for driving on a suspended license, even as the parties dispute whether Trooper Nilon had cause to stop Suydam initially. *See also Mason v. Kruczaj*, 2016 WL 161594, *7 (E.D.Pa. 2016) (malicious prosecution claim must fail where defendant had probable cause to charge plaintiff for a separate crime of possessing a controlled substance, even where he was initially detained and arrested for robbery based upon defendant's

mistaken belief as to probable cause for that offense.) Because the undisputed record establishes that Trooper Nilon had probable cause to arrest Suydam, and because the existence of probable cause for one charge bars Suydam's malicious prosecution claim as to all charges, summary judgment in Trooper Nilon's favor is warranted.[3]

## IV. CONCLUSION

For the foregoing reasons, and in particular, because the undisputed material facts in the record establish that probable cause existed for Suydam's arrest, the Court will **GRANT** Trooper Nilon's motion for summary judgment (Doc. 35) and enter judgment in favor of the Defendant.

An appropriate Order will follow.

**Dated: January 10, 2018**　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

---

[3] Because the Court finds that judgment in Trooper Nilon's favor on Suydam's claim of malicious prosecution must be entered due to the existence of probable cause for his arrest, the Court will not reach the issues of whether the record contained any evidence of malice or whether Suydam suffered a deprivation of liberty.